**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIE L. DURDEN,

          Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

          Defendant - Appellee.

No. 12-55612

D.C. No. 2:11-cv-01211-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Sheri Pym, Magistrate Judge, Presiding

Submitted November 7, 2013[**]
Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

    Willie Durden appeals the district court's judgment upholding an ALJ's

denial of his Supplemental Security Income claim. We review the district court's

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision de novo and will "disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quoting *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Durden argues that the ALJ erred by using the "light work" section of the Medical Vocational Guidelines ("the Grids") because the ALJ did not take into account Durden's mental and social limitations as "required" by the Social Security Administration Program Operations Manual System ("POMS"). He also contends that the ALJ improperly considered a vocational expert's testimony.

Durden's arguments are without merit for three reasons. First, the POMS does not have the force and effect of law and, thus, does not impose judicially enforceable duties on the ALJ. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010).

Second, the ALJ used the correct section of the Grids because the Grids only apply to exertional capabilities such as lifting, walking, or standing, 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); 20 C.F.R. § 416.969a(b), and substantial evidence supports the ALJ's determination that Durden is physically capable of performing light work, as defined by 20 C.F.R. § 416.967(b). Moreover, the ALJ correctly determined that Durden, despite advancing age and limited education, has

the ability to perform the full range of light work and is not disabled. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.11.

Third, when a claimant has exertional *and* certain nonexertional limitations—as is the case here—an ALJ must consider a vocational expert's opinion when deciding whether the claimant's nonexertional limitations affect his ability to perform the full range of work within the claimant's exertional range. *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002); *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) ("[A] vocational expert's testimony is required when a non-exertional limitation . . . significantly limit[s] the range of work permitted by the claimant's exertional limitation.") (internal citation omitted). Accordingly, the ALJ properly consulted a vocational expert to determine whether Durden's mental and social limitations prevented him from performing the full range of light jobs.

**AFFIRMED.**